**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE** | ) | |
| | ) | |
| **PEGGY ANN VAUGHN,** | ) | |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **CENTRAL MISSISSIPPI CREDIT CORPORATION,** | ) | **CIVIL ACTION NO. 3:15cv579-MHT (WO)** |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PEGGY ANN VAUGHN,** | ) | |
| | ) | |
| **Appellee.** | ) | |

**OPINION**

**In this bankruptcy case, appellee-debtor Peggy Ann Vaughn, who previously filed a petition for Chapter 13 bankruptcy, seeks damages and injunctive relief against appellant Central Mississippi Credit Corporation for violation of the automatic stay imposed pursuant to 11 U.S.C. § 362(a). This case is currently before the court on Central Mississippi's motion for leave to appeal a discovery order entered by the bankruptcy**

judge. Jurisdiction is proper under 28 U.S.C. § 158. For the reasons explained below, Central Mississippi's motion will be denied.

The discovery dispute between the parties arises out of a series of actions by the bankruptcy court: its consideration of Vaughn's motion to deem attorney-client privilege waived to a limited extent, its sua sponte conversion of that motion to a motion to compel, and its entry of an order granting the motion to compel and imposing attorneys' fees against Central Mississippi. Central Mississippi seeks leave to appeal that order to this court; it contends that the bankruptcy court should have declined to consider Vaughn's motion because she sought information to support a time-barred challenge to a previous order setting aside the default judgment (the 'set-aside order') and, accordingly, did not seek discoverable evidence. Vaughn admits that she sought the discovery to challenge the set-aside order, but contends that such a challenge was not time-barred and, therefore,

**that it was proper for the bankruptcy court to both consider her motion and grant it.**

**The parties agree that the challenged order is interlocutory and, therefore, that there is no appeal as of right; as a result, Central Mississippi must seek leave of this court to appeal under Federal Rule of Bankruptcy Procedure 8004. The parties further agree that, in order for the court to grant leave for the appeal, it must evaluate Central Mississippi's motion using the factors outlined in 28 U.S.C. § 1292(b), each of which must be shown by the appellant: (1) whether the order being appealed "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion" (3) such that "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). <u>See also</u> <u>In re Charter Co.</u>, 778 F.2d 617, 620 n.5 (11th Cir. 1985) (explaining that because district courts are not provided with "any criteria for determining whether to exercise their discretionary**

**authority to grant leave to appeal [in a bankruptcy case], the court looked to 28 U.S.C. § 1292(b) ... which governs discretionary interlocutory appeals from the district courts to the courts of appeals").**

**The Eleventh Circuit has provided helpful guidance on how a court should exercise its discretion under § 1292(b). In McFarlin v. Conseco Services, LLC, 381 F.3d 1251 (11th Cir. 2004), discussing interlocutory appeals generally, it explained:**

> **"§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. ... The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case."**

**381 F.3d at 1259. Guidance from other courts specific to the bankruptcy context counsels against granting**

**such motions in the vast majority of cases. See, e.g., In Re Royce Homes LP, 466 B.R. 81, 94 (S.D. Tex. 2012) (Rosenthal, J.) ("Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances."); In re Am. Freight Sys., Inc., 194 B.R. 659, 661 (D. Kan. 1996) (Crow, J.) ("Courts generally recognize that interlocutory bankruptcy appeals are reserved for cases of exceptional circumstances."). Applying these guiding principles to Central Mississippi's appeal, the court finds that the dispute at issue does not present a controlling question of law the resolution of which would "substantially shorten the litigation." McFarlin, 381 F.3d at 1259. Because Central Mississippi has failed to show at least two of the three factors listed in § 1292(b), its motion for leave to appeal will be denied.**

**The court reached this conclusion on two bases. First, the question on appeal presents a mixed question of law and fact rather than the sort of pure question**

**of law contemplated by § 1292(b). In order to determine whether Vaughn's discovery motion was time-barred, the court would need contend with two key questions: (1) whether, assuming Vaughn's allegations are correct, Central Mississippi's statements at the hearing on its motion to set aside the default judgment could constitute a basis for relief under Federal Rule of Civil Procedure 60(b) from the order setting aside the default judgment; and (2) whether, even assuming a challenge by Vaughn to the set-aside order was time-barred, the information sought by Vaughn was not otherwise subject to discovery. As to each question, the court would need to "delve beyond the surface of the record," id. at 1259, to examine the substance of the statements made by Central Mississippi at the set-aside hearing and determine whether Vaughn's discovery requests were permissible under Federal Rule of Civil Procedure 26(b). In that sense, the question presented by Central Mississippi's motion is quite unlike those pure questions of law the Eleventh Circuit**

**has deemed reviewable under § 1292(b). <u>See</u> <u>id</u>. (citing decisions granting § 1292(b) review of issues such as whether a "district court has jurisdiction over class members who do not satisfy the amount in controversy requirement" and "whether a nondependent parent may recover loss of society damages for the wrongful death of his minor child under general maritime law").**

**Second, even if the court were to resolve the question presented by Central Mississippi's appeal, it is unlikely that its resolution would usher this litigation to its conclusion. Regardless of the court's ultimate determination on the merits of the appeal, the key issue in this case--whether Central Mississippi should be held liable for a violation of the automatic stay--would remain to be litigated. Thus, while the parties would undoubtedly benefit from some resolution on the discrete discovery issue presented here, such a resolution would neither substantially shorten the duration of the litigation**

nor have any clear bearing on the ultimate matter at issue in this case. Under these circumstances, granting a party leave to appeal would be inappropriate.

An appropriate judgment will be entered.

DONE, this the 3rd day of August, 2016.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE